CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 15, 2018

LETTER TO COUNSEL

RE: *Timothy William Hays v. Commissioner, Social Security Administration*;
Civil No. SAG-17-1121

Dear Counsel:

On April 24, 2017, Plaintiff Timothy William Hays petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 18, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Mr. Hays protectively filed his claim for benefits on January 30, 2014, alleging a disability onset date of December 20, 2013. (Tr. 179-84). His claim was denied initially and on reconsideration. (Tr. 109-12, 116-17). A hearing was held on March 8, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 34-69). Following the hearing, on April 5, 2016, the ALJ determined that Mr. Hays was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 20-29). The Appeals Council denied Mr. Hays's request for further review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Hays suffered from the severe impairment of "degenerative disc disease of the lumbar spine with radiculopathy and sacroiliitis." (Tr. 22). Despite this impairment, the ALJ determined that Mr. Hays retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can lift 10 pounds frequently and 20 pounds occasionally. The claimant can sit 6 hours in an 8-hour workday and stand and/or walk 4 hours in an 8-hour workday. He can never climb ladders, ropes or scaffolds and can occasionally climb stairs/ramps, balance, stoop, kneel, crouch, and crawl. He is limited to occasional exposure to vibrations. Due to possible side effects of medications, he can occasionally conduct commercial driving requiring a commercial driver's license, and be

        exposed to dangerous hazards, such as uncovered moving industrial machinery and unprotected heights.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Hays could perform several jobs existing in significant numbers in the national economy. (Tr. 27-28). Accordingly, the ALJ found that Mr. Hays was not disabled. (Tr. 28-29).

      Mr. Hays raises several arguments in support of his appeal: (1) the ALJ lacked support for the conclusions in the RFC assessment; (2) the ALJ failed to consider an MRI report from April 17, 2014; (3) the ALJ assigned inadequate weight to the opinion of Mr. Hays's treating physician, Dr. Shahab Siddiqui; and (4) the ALJ erred in reaching an adverse credibility assessment. None of those arguments prevails, for the reasons described below.

      First, Mr. Hays protests several of the conclusions in the ALJ's RFC assessment, including the finding that he is capable of standing/walking for four hours in a workday, the finding that he is capable of work requiring a commercial driver's license, and the absence of a sit/stand option. Pl. Mot. 6-8. Beginning with the driver's license, even if the ALJ's finding was erroneous, the error is harmless, because the ALJ identified multiple prospective jobs that do not involve driving. (Tr. 28) (identifying jobs including router and laundry sorter). With respect to the other two conclusions, the ALJ cited to substantial evidence that supports each limitation. Specifically, the ALJ assigned "great weight" to the opinions of the two State agency medical consultants, both of whom found that Mr. Hays could stand and walk for six, not four, hours in an eight-hour workday. (Tr. 26). Additionally, the ALJ observed that Mr. Hays was able to sit during the hearing for 40 minutes, and noted that Mr. Hays's back treatment "has been relatively limited and conservative overall." (Tr. 25). This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Considering the evidence cited by the ALJ, particularly the opinions of the State agency medical consultants, I find that the RFC assessment was supported by substantial evidence.

      Second, Mr. Hays argues that the ALJ failed to consider an MRI report from April 17, 2014, reflecting that his back condition had worsened since an earlier MRI report. Pl. Mot. 8. However, an ALJ is not required to address every piece of evidence in the record, so long as a reviewing court can determine from the opinion "what the ALJ did and why [s]he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (citing *Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs*, 137 F.3d 799, 803 (4th Cir. 1998)); *see also Melgarejo v. Astrue*, No. JKS 08–3140, 2009 WL 5030706, at *4 (D. Md. Dec. 15, 2009) (holding that an ALJ's duty to explain his findings and conclusions on all material issues of fact or law is satisfied when a reviewing court can determine, from an ALJ's opinion and the evidence of record, how he reached his conclusion). Here, although the ALJ made no reference to the April 17, 2014 MRI, the ALJ considered evidence of Mr. Hays's medical condition both before and after that MRI. *See, e.g.*, (Tr. 24) (citing treatment records from March 6, 2014, and June 26, 2014, in which Mr. Hays reported "reasonable pain control"); (Tr. 25) (citing treatment

records from July 21, 2015 through January 7, 2016, in which Mr. Hays reported that he was "happy with his level of pain control"). The objective findings from the MRI alone do not establish any particular functional capacity or limitations. In light of the medical evidence and reports cited by the ALJ, the failure to mention the 2014 MRI is not reversible error.

Third, Mr. Hays contends that the ALJ should have assigned more weight to the opinion of his treating physician, Dr. Siddiqui. Pl. Mot. 8-13. A treating physician's opinion is given controlling weight, unless it is not supported by clinical evidence or is inconsistent with other substantial evidence. *See Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, including the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). The ALJ assigned Dr. Siddiqui's opinion "partial weight," but noted that Dr. Siddiqui "has only treated the claimant since 2011 and appears to have relied heavily on the claimant's self-reported history, which is not fully consistent with the record for reasons stated above." (Tr. 26). Initially, I note that assigning lesser weight to the November 7, 2013 assessment because Dr. Siddiqui had only treated the claimant since 2011 is not warranted. Two years of treatment is sufficient to establish a relationship as a treating physician, unless the sessions are extremely infrequent. However, the ALJ's remaining rationale, in the context of this case, suffices to validate his assignment of "partial weight" to Dr. Siddiqui's opinion. The opinion, generated prior to the alleged onset date and more than two years before the ALJ's consideration of the claims, describes a far more dire situation than is reflected in the other medical evidence. For example, while Dr. Siddiqui suggests that Mr. Hays would require "complete freedom to rest frequently throughout the day," (Tr. 26), the ALJ cited medical evidence (including the records from the Spine Center cited by Dr. Siddiqui) suggesting that conservative pain management resulted in acceptable pain control, (Tr. 24, 25). Accordingly, the ALJ adequately explained the assignment of "partial weight," and remand is unwarranted.

Finally, Mr. Hays suggests that the ALJ's credibility analysis violated *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). In *Lewis*, the Fourth Circuit held that the ALJ improperly discounted the claimant's subjective assertions "based solely on the lack of objective evidence" supporting the claimant's assertions. 858 F.3d at 866. Social Security regulations do not permit an ALJ to "reject [a claimant's] statements about the intensity and persistence of [his] pain or other symptoms or about the effect [his] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [his] statements." *Id.* (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)); *see also* SSR 96-7p, 1996 WL 374186, at *5 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."). To determine the credibility of the

*Timothy William Hays v. Commissioner, Social Security Administration*;
Civil No. SAG-17-1121
February 15, 2018
Page 4

claimant's statements, the ALJ should also "consider factors such as the claimant's daily activities, treatments [he] has received for [his] symptoms, medications, and any other factors contributing to functional limitations." *Hardy v. Berryhill*, Civil Action No. ADC-16-3709, 2017 WL 3917010, at *3 (D. Md. Sept. 6, 2017) (citation omitted). Here, the ALJ engaged in an appropriate assessment of Mr. Hays's credibility. The ALJ cited Mr. Hays's own statements regarding the effectiveness of conservative treatment, along with the results of physical examinations, Mr. Hays's sporadic work history, his ability to sit throughout a 40-minute hearing, and the lack of either clinical findings or a medical recommendation requiring use of an assistive device for ambulation. (Tr. 25). Due to the ALJ's consideration of both objective and subjective evidence, the credibility finding must be affirmed.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [ECF No. 18] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 19] is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge